Eastern District of Kentucky
FILED
AUG 15 2024
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 5:24-CR-70-KKC

SAMUEL KWADWO OSEI,
   A.K.A. TUGA,
DERICK NII ASHITEY,
CHINEMEZU SAPPHIRE EGEMASI, AND
FRED BROBBEY AWUAH,
   A.K.A. KAKI

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## INTRODUCTION

1. At all relevant times, Lexington-Fayette Urban County Government, aka the City of Lexington (the "City"), used a federally insured financial institution account located in the Eastern District of Kentucky.

2. Shimea Maret McDonald owned and used Truist Bank Account *0109, which McDonald opened under the name Gretson Company, LLC, using the identity of K.N. Gretson Company, LLC, which was a shell company established in Texas on May 24, 2022, with K.N. listed as the managing member. At all relevant times, Nana Kwabena Amuah, originally from Ghana but a citizen of the United States, lived in Texas, New Jersey, or New York.

3. The Defendant, **SAMUEL KWADWO OSEI**, owned and operated Bank of America Account *0743, which **OSEI** opened under the name of Lasko Company LLC, using the identity of N.L., on April 20, 2022. Lasko Company LLC was established in Colorado on April 13, 2022, with N.L. listed as the managing member.

4. At all relevant times, the Defendant, **DERICK NII ASHITEY**, a Ghanaian national, operated out of the United Kingdom and elsewhere.

5. At all relevant times, the Defendant, **CHINEMEZU SAPPHIRE EGEMASI**, a Nigerian national, operated outside of the United States, including in Nigeria.

6. At all relevant times, the Defendant, **FRED BROBBEY AWUAH**, a citizen of the Netherlands, operated inside and outside the United States.

7. **OSEI** and **AWUAH** received direction about money movement from Amuah, and Amuah received direction about money movement from **ASHITEY**. **EGEMASI** worked with the members of the conspiracy operating the fraud.

## COUNT 1
## 18 U.S.C. § 1349

8. Paragraphs 1 through 7 are re-alleged and incorporated by reference as if fully set forth herein.

9. Beginning on a date unknown, but no later than September 10, 2021, and continuing through on or about February 1, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

## DERICK NII ASHITEY and
## CHINEMEZU SAPPHIRE EGEMASI

and others known and unknown to the Grand Jury, knowingly and voluntarily conspired and agreed together and with each other to commit wire fraud, that is, to knowingly and with the intent to defraud, devise and intend to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and, for the purpose of executing the scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce, signals and sounds described below, in violation of 18 U.S.C. § 1343.

### Purpose of the Conspiracy

10.     It was the purpose of the conspiracy to entice businesses, individuals, and municipalities based throughout the United States to send money under false pretenses in the form of business email compromises, in order to profit from the theft of those entities.

### Manner and Means

11.     The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

12.     Members of the conspiracy obtained information related to a financial relationship between a targeted business, individual, or municipality (a "Targeted Entity") and an entity to which they owed money (a "Vendor"), whereby the Targeted Entity owed the Vendor payment for some product or service.

13.     Members of the conspiracy then communicated with the Targeted Entity, posing as the Vendor, ultimately directing the Targeted Entity to send money to a new bank

account, purportedly belonging to the Vendor but actually owned and controlled by members of the conspiracy.

14. To impersonate the Vendor, members of the conspiracy, including **CHINEMEZU SAPPHIRE EGEMASI**, registered domains that could be used to spoof, or mimic, domains belonging to the real Vendor and the Targeted Entities.

15. In August of 2022, members of the conspiracy impersonated a nonprofit organization having business with the City over email, using a spoofed domain registered by **EGEMASI**. The spoofed domain closely mimicked the Vendor's domain.

16. **DERICK NII ASHITEY** served as an information liaison between Amuah and members of the conspiracy conducting the business email compromise. **ASHITEY** communicated with Amuah about bank accounts that were available to receive funds stolen from the City. Then, members of the conspiracy directed the City via email to wire funds to the bank account Amuah provided, Truist Bank Account *0109.

All in violation of 18 U.S.C. § 1349.

## COUNT 2
### 18 U.S.C. § 1956(h)

17. Paragraphs 1 through 16 are realleged and incorporated by reference as if fully set forth herein.

18. Beginning on a date unknown, but no later than August 2, 2021, and continuing through on or about February 1, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**SAMUEL KWADWO OSEI,**
**A.K.A. TUGA,**
**DERICK NII ASHITEY, and**
**FRED BROBBEY AWUAH,**
**A.K.A. KAKI**

knowingly and voluntarily conspired and agreed with Shimea Maret McDonald, Nana Kwabena Amuah, and others known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

(a) knowingly conducting and attempting to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is wire fraud and conspiracy to commit wire fraud, violations of 18 U.S.C. §§ 1343 and 1349, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and

(b) knowingly engaging and attempting to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is check deposits, such property having been derived from a specified unlawful activity, that is wire fraud and conspiracy to commit wire fraud, violations of 18 U.S.C. §§ 1343 and 1349, in violation of 18 U.S.C. § 1957.

**Manner and Means**

19. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

20.     Once the Targeted Entities wired the funds to the designated bank accounts, Nana Kwabena Amuah notified members of the conspiracy located in the United States, including Shimea Maret McDonald, so that they could attempt or actually withdraw or transfer the stolen funds in a variety of payment methods, in order to quickly move the funds from where the Targeted Entities could locate them.

21.     Since 2021, Amuah had been instructing members of the conspiracy, including McDonald, **SAMUEL KWADWO OSEI, FRED BROBBEY AWUAH,** and others, to open bank accounts and conduct financial transactions involving funds stolen from the Targeted Entities, often via messages sent over Telegram and WhatsApp, encrypted messaging services. **OSEI, AWUAH,** and the others opened these bank accounts in shell company names, using stolen identities. Amuah received instructions from **DERICK NII ASHITEY** on how to remit payment to the other members of the conspiracy located outside the United States. **ASHITEY** acted as the intermediary between the members of the conspiracy spoofing the Vendors and the Targeted Entities located outside the United States, and the members of the conspiracy receiving and transferring the proceeds of the offense located in the United States.

22.     For example, in August 2022, Amuah advised McDonald that money would be sent to the Truist Bank Account *0109. On August 19, 2022, McDonald prepared and deposited check number 9811901, made out to Lasko Company LLC in the amount of $330,000, written on the Gretson Company, LLC Truist Bank Account *0109. This check was funded by the money stolen from the City and deposited into Bank of America account *0743, the bank account operated by **SAMUEL KWADWO OSEI** in the name of Lasko

Company LLC and with the signator N.L.  **OSEI** monitored the Lasko Company account to assess the balance for when the City's funds posted to the account.

23.    Also on August 19, 2022, **DERICK NII ASHITEY** communicated with Amuah over encrypted messages about where to direct $965,000 in funds stolen from the City, including a check written to a company called, My Glass Box.

24.    On August 19, 2022, Amuah sent an encrypted message to **FRED BROBBEY AWUAH**, with a screen shot of the Truist Bank *0109 account balance containing the stolen funds from the City, and the following day, requested information about a bank account.  On August 20, 2022, **AWUAH** provided Amuah with bank account information for an Ubuntu Essence LLC account an PNC Bank, which Amuah then conveyed to McDonald.

All in violation of 18 U.S.C. § 1956(h).

## COUNT 3
## 18 U.S.C. § 1028A

25.    Paragraphs 1 through 24 are realleged and incorporated by reference as if fully set forth herein.

26.    On or about April 18, 2022, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

### SAMUEL KWADWO OSEI,
### A.K.A. TUGA

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, N.L., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(a)(c), to wit, wire fraud, conspiracy to commit wire fraud,

money laundering, and conspiracy to commit money laundering, knowing that the means of identification belonged to another actual person, all in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 982(a)(1)
### 18 U.S.C. § 981(a)(1)(C)
### 28 U.S.C. § 2461

1. By virtue of the commission of the offenses alleged in Counts One and Three of the Indictment, **SAMUEL KWADWO OSEI, CHINEMEZU SAPPHIRE EGEMASI,** and **DERICK NII ASHITEY** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1349 or 18 U.S.C. § 1028A. Any and all interest that **SAMUEL KWADWO OSEI, CHINEMEZU SAPPHIRE EGEMASI,** and **DERICK NII ASHITEY** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. By virtue of the commission of the offense alleged in Count Two of this Indictment, **SAMUEL KWADWO OSEI, DERICK NII ASHITEY,** and **FRED BROBBEY AWUAH** shall forfeit to the United States, any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956 and any property traceable to such property. Any and all interest that **SAMUEL KWADWO OSEI, DERICK NII ASHITEY,** and **FRED BROBBEY AWUAH** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

3. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT**:

A forfeiture money judgment in an amount representing the gross proceeds obtained by the Defendants as a result of the fraud, money laundering offenses, and aggravated identity theft violations and/or in an amount representing the amount involved in the money laundering violation.

4. If any of the property listed above, as a result of any act or omission of the Defendants:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third party;

   c. Has been placed beyond the jurisdiction of the court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be divided without difficulty,

the United States, shall be entitled to forfeit substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

_____
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## **PENALTIES**

**COUNT 1:** Imprisonment for not more than 20 years, fine of not more than $250,000 or twice the amount of gross gain or loss, and supervised release for not more than 3 years.

**COUNT 2:** Imprisonment for not more than 20 years, fine of not more than $500,000 or twice the amount of gross gain or loss, and supervised release for not more than 3 years.

**COUNT 3:** If convicted of one count, mandatory term of imprisonment of two years, to be served consecutive to any other sentence imposed for Count 2.

If convicted of two or more counts: 2 years imprisonment, which may run concurrently, in whole or in part, with any other term of imprisonment imposed for Aggravated Identity Theft convictions, but consecutively to any term of imprisonment imposed on Count 1.

Plus, not more than a $250,000 fine and 1-year supervised release on each count of conviction on Count 2.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture / money judgment as listed